Henry J. Bruhns, Appellant, v. E. G. Seymour, Appellee.

**Brokers:** ACCOUNTING FOR PROFITS: EVIDENCE. In an action between real estate dealers for an accounting for profits involving, as in this case, the purchase and sale of a piece of land by one of them individually, the burden is on the plaintiff to establish his right to participate therein. The evidence regarding the claimed agreement for a division of the profits is held to support a finding for defendant.

*Appeal from Kossuth District Court.*—Hon. A. D. Bailie, Judge.

Friday, July 2, 1909.

This is an action for accounting. There was a decree dismissing the petition, and plaintiff appeals.—*Affirmed.*

*Lundy & Wood,* for appellant.

*Sullivan & McMahon,* for appellee.

Evans, C. J.—In the year 1901 plaintiff and defend-

ant were both residents of Germania, Iowa. Plaintiff was engaged in the land business and the defendant in the banking business. In that year they acted jointly as agents in the sale of a certain piece of real estate and divided the commission. Later they bought back the same land, and resold it at a profit, and divided the profit. As a third joint undertaking, they acted as agents in the sale of certain Dakota property to one Link, who resided near Germania. A written contract was entered into between their principal, the Artesian Land Company, of South Dakota, and the said Link, whereby the land company undertook to sell and the said Link undertook to buy a certain six hundred and forty acres of land. As a part of such contract the land company agreed to take as part of the purchase price the certain farm of one hundred and sixty acres owned by Link in Kossuth county, Iowa, at the price of $6,500. The parties to this case, as joint agents, were to have received a commission of $640 from the land company. They also entered into a contract with the land company whereby they agreed to purchase Link's farm for $5,900. Later the land company failed to perform its contract, and failed to get title to the land which it proposed to sell, whereby Link became wholly released from the contract. Link thereupon purchased other real estate in Dakota through another agency, and desired to sell his Kossuth County farm. Defendant, Seymour, bought the same at $43 per acre. In the meantime in December, 1901, the plaintiff had removed from Germania to Buckeye, Iowa. The defendant expended about $700 in improvement of the purchased farm and later sold it at an advance of $9 per acre.

It is the contention of the plaintiff that under the agreement between him and the defendant he was entitled to share the profit. The question involved is one of fact wholly. It is not free from doubt. Upon our first reading of the record, our impressions were with the plaintiff. Up-

on a more careful consideration thereof, we reach the conclusion that the trial court properly dismissed his petition. The burden of proof was upon him, and the most that can be said in his favor is that the question of fact is close. It can not fairly be said that the evidence preponderates in his favor. The evidence of each party is in direct conflict, and there is some corroboration for each in the circumstances.

The judgment of the trial court must therefore be *affirmed*.